COUNCIL NO. 81 OF the AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES AFL–CIO, et al., Defendants Below, Appellants,

v.

STATE of Delaware and Division of Mental Health of the Department of Health and Social Services, Plaintiffs Below, Appellees.

Supreme Court of Delaware.

Submitted Oct. 13, 1981.

Decided Dec. 2, 1981.

Harvey B. Rubenstein (argued), Wilmington, for defendants-appellants.

Matthew J. Lynch, Jr. (argued), Deputy Atty. Gen., Wilmington, for plaintiffs-appellees.

Before HERRMANN, C. J., QUILLEN and HORSEY, JJ.

QUILLEN, Justice:

On February 1, 1980, the defendant, Local 640 of Council No. 81 of the American Federation of State, County and Municipal Employees, AFL–CIO (Union), staged a strike against the Delaware State Hospital, a public facility which houses and treats the mentally ill, in protest over a new work schedule promulgated by the Director of Nursing at the Hospital. The State immediately sought a temporary restraining order to enjoin the Union from carrying on its illegal strike.[1] The Court of Chancery granted a temporary restraining order on February 1, 1980, and the strike ended approximately February 5, 1980.

The Hospital soon thereafter set up a panel to determine which of the employees participating in the strike, in violation of the law and contract, merited disciplinary action or termination. The panel selected twenty-three employees for termination. The panel justified termination on the basis

---

1. 19 *Del.C.* § 1312 provides that "no public employee shall strike while in the performance of his official duties." The General Assembly has thus determined the public policy of the State. The public policy so determined is not open to review by the Courts.

of various "merit rules".[2] The employees were merit system personnel.

In its answer to the State's complaint which sought injunctive relief, the defendant Union filed a counterclaim which alleged that the State had unlawfully discharged the twenty-three union members. By an order dated May 23, 1980, the Court of Chancery stayed action on the counterclaim until the parties had an opportunity to present their arguments concerning the propriety of the employee terminations before an arbitrator.[3]

After a four-day hearing, the arbitrator in a lengthy written opinion concluded that, although the strike carried out by the Union was both illegal and in violation of the express terms of the Hospital-Union Collective Bargaining Agreement, Merit Rule 6.0600 "Abandonment of Position" (Quitting) did not apply in a strike situation and that the sixteen employees terminated under this merit rule were to be reinstated without back pay.[4] In the arbitrator's mind the denial of back pay was sufficient punishment for those sixteen participants of the strike. Three other employees were reinstated without back pay for various reasons not pertinent to our discussion here.

This appeal concerns the arbitrator's decision upholding the State's termination of the four remaining striking employees. These employees were terminated under one or more of the merit rules which prohibit the intimidation, harassment and interference with employees and supervisors during working hours; unauthorized absences; and unlawful activity contrary to the laws of the State. In other words, in each instance, the State charged and the arbitrator found strike related activity beyond mere participation in the illegal strike.

After completion of the arbitration process, the Court of Chancery lifted its stay and considered the parties' cross-motions for summary judgment regarding the defendant Union's counterclaim. Finding that the arbitrator had not acted arbitrarily or capriciously, the Court of Chancery denied the Union's motion, granted the State's motion for summary judgment, and upheld the decision of the arbitrator. The defendant Union now appeals to this Court.

The question presented for review is whether 29 *Del.C.* § 5938(d) prevents the State from terminating the employment of the four Delaware State Hospital employees based upon the violation of particular merit rules in light of the Hospital-Union Collective Bargaining Agreement. We hold that it does not.

The defendant Union contends that 29 *Del.C.* § 5938(d) precludes the applicability of the Merit Rules. 29 *Del.C.* § 5938(d) provides that rules adopted by the State Personnel Commission under [29 *Del.C.* § 5930] "shall not apply to any employee in the classified service represented by an exclusive bargaining representative *to the extent the subject thereof is covered* in whole or in part by a collective bargaining agreement . . . ." (emphasis added). Of course, the merit of the defendant's argument, by the express language of § 5938(d), depends upon the extent the subject of discharge is covered by the Hospital-Union Collective Bargaining Agreement. The pertinent sections of that agreement are as follows:

| Article III, Section 3: | Any disciplinary action taken by management against an employee must be for *just cause* . . . . (emphasis added) |
|---|---|
| Article XXV, Section 1: | Strikes and Work Stoppages: During the life of this Agreement, neither the Union nor employees will authorize, instigate or participate in any strike, slowdown, concerted work stoppage or any direct or indirect interference with the Facility operations. Any employee participating in such action may be disciplined or dismissed. |

---

2. These merit rules were adopted by the State Personnel Commission pursuant to 29 *Del.C.* § 5930.

3. The Hospital-Union Collective Bargaining Agreement called for an arbitrator to resolve contractual disputes.

4. An unexcused absence of three consecutive days allows the State to deem the employee to have abandoned his position and to have resigned from service. There is nothing before us relating to the decision as to those sixteen employees.

The second sentence of Article XXV while mentioning "dismissal" does not cover this subject. It merely makes it clear that dismissal is one remedy for job action activity. It thus emphasizes one specific basis upon which the State may discipline for "just cause". But it obviously does not cover the subject of termination and it therefore cannot be deemed to have been so intended. It does not even purport to define "just cause". Indeed, the phrase "just cause" is used in Merit Rule 14.0600 as the required basis for dismissal and it is that concept which is incorporated into the contract. The contract alone fails to provide guidance to either the State or an arbitrator when it is necessary to distinguish among the various employees involved in an illegal job action. The Merit System Rules, wholly consistent with and fully complementary to the agreement, provide "just cause" standards which can guide the State in its determination as to whether disciplinary action or termination is necessary. The Rules also provide a rational basis upon which an arbitrator may judge both the propriety of the State's action and the severity of the employees' conduct. Use of the Rules as a basis for dismissal is therefore appropriate and legal.[5]

In his opinion, the arbitrator concluded, notwithstanding their participation in an illegal strike, that nineteen of the striking employees were wrongfully terminated. The arbitrator also concluded that the evidence of aggravating circumstances warranted the termination of the four employees in this appeal because, among other things, they intimidated, harassed or interfered with employees and supervisors during working hours. Merit Rule 15.0721. The factual fairness of the arbitrator's conclusion is not reviewable by us. *City of Wilmington v. Wilmington Firefighters Local 1590*, Del.Supr., 385 A.2d 720, 725 (1978). But his decision does underscore the usefulness of the merit rules as a basis for decision-making.

In conclusion, since the collective bargaining agreement between these parties is not intended and does not cover the subject of discharge, 29 *Del.C.* § 5938(d) does not prevent the State from using the merit rules adopted pursuant to 29 *Del.C.* § 5930 in its determination that the four employees in question should be terminated for "just cause" as a result of their actions during the illegal strike against the Delaware State Hospital.

The decision of the Court of Chancery is affirmed.

---

5. Indeed, given the fact that strikes are prohibited by the collective bargaining agreement, as well as by the statute, it would be appropriate to look at any effort to specify inappropriate conduct, beyond mere participation in a job action for its persuasive value even if it had no compulsive basis in law. The Merit Rules in issue here have a solid basis in common sense.